UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| SUSAN SISSOM,<br>　　*Plaintiff*<br><br>　v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>D/B/A AMERICA'S WHOLESALE<br>LENDER, THE BANK OF NEW YORK<br>MELLON FKA THE BANK OF NEW<br>YORK AS TRUSTEE FOR THE<br>CERTIFICATE HOLDS CWALT, INC.,<br>SERIES 18 CB. AND G. TOMMY<br>BASTIAN, AND MALCOM<br>CISNEROS/TRUSTEE CORPS,<br>　　*Defendants* | Case No. 1:19-CV-949-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendants Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender ("Countrywide") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holder CWALT, Inc., Series 18 CB's ("BoNY") Motion to Dismiss, filed October 4, 2019 (Dkt. No. 4); Plaintiff's Motion to Remand, filed on October 21, 2019 (Dkt. No. 7); Defendants Malcom Cisneros, a Law Corporation ("MCLC"), and MTC Financial, Inc., d/b/a Trustee Corps' (misnamed by Plaintiff as "Malcolm Cisneros/Trustee Corps") ("Trustee Corps") Motion for Dismissal Without Prejudice Pursuant to Texas Property Code § 51.007, filed on October 30, 2019 (Dkt. No. 10); and the various Response Briefs.

On December 2 and 17, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule

of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

This is Susan Sissom's ("Plaintiff") third lawsuit to prevent the foreclosure of her property located at 106 Eight Oaks Drive, Bastrop, Texas 78602 (the "Property").

On April 18, 2006, Plaintiff executed a note (the "Note") in favor of America's Wholesale Lender ("AWL") in exchange for a loan for the Property in the principal amount of $241,792.00 (the "Loan"). Dkt. No. 4-1. The Note was secured by a deed of trust on the Property, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AWL and its successors and assigns. Dkt. No. 4-2 (the "Deed of Trust").

Plaintiff modified her Loan first in 2010, with BAC Home Loans Servicing, LP, and again in 2012, with Bank of America, NA. On July 18, 2011, MERS assigned the Deed of Trust to BoNY. In February 16, 2013, Resurgent Mortgage Servicing began servicing the Loan. After Plaintiff defaulted on her Loan payments, she was notified that her Property would be foreclosed on and sold on May 2, 2017.

On May 1, 2017, Plaintiff filed two simultaneous lawsuits in Bastrop County District Court to challenge the foreclosure. Plaintiff filed the first lawsuit against Countrywide, BoNY, and MERS, seeking to enjoin the foreclosure sale of her Property based on her allegations that Defendants Countrywide, BoNY, and MERS failed to send proper notices under Texas Property Code § 51.002, failed to provide her notice of her right to rescind the Loan under the Truth in Lending Act, and failed to inform her of a decision on her loss mitigation application in violation of the Real Estate Settlement Procedures Act ("RESPA"). *See Sissom v. Countrywide Home Loans, Inc.*, Cause No. 524-21 (21st Dist. Ct., Bastrop County, Tex. May 1, 2017) ("Lawsuit I"). Plaintiff also sought a declaratory judgment and a temporary restraining order to stop the foreclosure.

Defendants Countrywide, BoNY, and MERS removed Lawsuit I to federal court, where it was assigned to the Honorable Robert Pitman under Case No. 1:17-CV-449-RP. The same defendants then filed a Motion for Judgment on the Pleadings, arguing that Plaintiff's claims were barred as a matter of law and otherwise failed to state a plausible claim for relief. *See* 1:17-CV-449 at Dkt. No. 7. While Plaintiff failed to file a response to the Motion, she did file multiple frivolous motions with the Court. In its Order addressing the Motion, the District Court noted that due to Plaintiff's failure to file a response and her "contumacious conduct," the Court could grant the motion as unopposed. *See id.*, Dkt. No. 18 at p. 2. Despite Plaintiff's "stubborn resistance to the Court's authority" and "willful refusal to comply with the Court's rules," the District Court declined to dismiss the case with prejudice without first providing her with the opportunity to amend her complaint since she was proceeding *pro se*. *Id.* at p. 3. Thus, the District court ordered Plaintiff to "either obtain Defendants' consent or seek the Court's leave to amend her complaint **on or before January 5, 2018.**" *Id.*

On December 26, 2017, Plaintiff filed a Motion for Leave to Amend Complaint and attached her proposed amended complaint, which failed to allege any causes of action. Instead, Plaintiff's proposed amended complaint contained rambling allegations, such as that Countrywide engaged in fraudulent activity and that BoNY did not possess the Note on the Property. The District Court found that Plaintiff's proposed amended complaint "fails to identify a cause of action," and therefore "would not survive a motion to dismiss." *Id.*, Dkt. No. 21 at p. 1-2. Accordingly, the Court denied Plaintiff leave to amend and dismissed Lawsuit I "**WITH PREJUDICE**." *Id.* at p. 2. Plaintiff appealed the Court's Order, and on June 5, 2019, the Fifth Circuit affirmed. *Id.* at Dkt. No. 25.

In her second lawsuit to stop the foreclosure, Plaintiff sued BoNY, alleging that BoNY violated RESPA by failing to send her a rejection letter to her loan modification application. *See Sissom v. The Bank of New York Mellon*, Cause No. 423-4966 (423rd Dist. Ct., Bastrop County, Tex. May 1, 2017) ("Lawsuit II"). Plaintiff also sought a temporary restraining order to stop the foreclosure. Four days after BoNY removed the case to federal court,[1] the parties filed a Joint Stipulation of Dismissal notifying the Court that Plaintiff was dismissing all of her claims against BoNY under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *Id.* at Dkt. No. 5. On May 18, 2017, the District Court entered a Final Judgment dismissing the case without prejudice. *Id.* at Dkt. No. 6.

On August 27, 2019, Plaintiff filed the instant lawsuit in state court, her third, to stop the foreclosure of the Property. *See Sissom v. Countrywide Home Loans, Inc.*, No. 1051-21 (21st Dist. Ct., Bastrop County, Tex. Aug. 27, 2019). Plaintiff named as defendants Countrywide, BoNY, G. Tommy Bastian, a Texas attorney who was allegedly named as a trustee on the Deed of Trust, and Malcom Cisneros/Trustee Corps,[2] a California law firm (collectively, "Defendants"). As in Lawsuit I, Plaintiff's Complaint fails to identify any causes of action. Instead, Plaintiff's Complaint lists 38 "Statements of Fact" and 31 "Questions of Law." Dkt. No. 1-2 at p. 11. While not entirely clear, Plaintiff appears to be rehashing her previous allegations that the Note and Deed of Trust were not properly transferred to the Defendants. Plaintiff alleges that because Defendants do not "hold the original Note," they lack the authority to foreclose on the Property. *Id.*

On September 27, 2019, Defendants Countrywide and BoNY removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). In the Notice of Removal,

---

[1] Once removed, Lawsuit II also was assigned to the Honorable Robert Pitman, under Case No. 1:17-CV-451-RP.

[2] In her petition, Plaintiff misnamed Defendants Malcom Cisneros, A Law Corporation ("MCLC") and MTC Financial, Inc., d/b/a Trustee Corps ("Trustee Corps") as "Malcolm Cisneros/Trustee Corps." See Dkt. No. 10 at p. 1. Accordingly, the Court refers to these Defendants as MCLC and Trustee Corps.

Countrywide and BoNY argue that Bastian was fraudulently joined to defeat diversity jurisdiction, and argue that Plaintiff cannot demonstrate any right to recover against him in this case. Defendants Countrywide and BoNY also filed the instant Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed for failure to state a claim under Federal Rules of Civil Procedure Rule 8(a) and 12(b)(6). Defendants Countrywide and BoNY further argue that even if Plaintiff had alleged any causes of action in her Complaint, they would be barred by res judicata.

On October 21, 2019, Plaintiff filed a Motion to Remand, arguing that Bastian is a necessary party in this lawsuit, and, therefore, Defendants improperly removed this case from state court.

On October 30, 2019, Defendants MCLC and Trustee Corps filed their own Motion to Dismiss, arguing they are entitled to dismissal under § 51.007(d) of the Texas Property Code because they are unnecessary parties.

## II. LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is the "plausibility" standard found in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. If a pleading contains only "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for

failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    ANALYSIS

**A. Defendants MCLC and Trustee Corps' Motion to Dismiss**

Defendants MCLC and Trustee Corps argue they are unnecessary parties because they were named in this case solely as substitute trustees under the Deed of Trust, and therefore are entitled to dismissal under § 51.007(c) of the Texas Property Code. The Court agrees.

Section 51.007, in relevant part, provides the following:

> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a *verified denial* stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.

6

> (b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.
>
> (c) *If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.*

Tex. Prop. Code Ann. § 51.007 (West 1999) (emphasis added). Pursuant to § 51.007(a), on September 23, 2019, Defendants MCLC and Trustee Corps filed their Original Answer, which included the following verified denial:

> Pursuant to Texas Property Code § 51.007, Defendants file this verified denial and state as follows: Defendants are not the mortgagee or servicer of the loan in question ("Loan"), nor have Defendants ever been the mortgagee or servicer of the Loan, nor does Plaintiff allege Defendants are the mortgagee or servicer of the Loan. Rather, Defendants were retained by the servicer of the Loan on behalf of the current mortgagee of the Loan solely to act, and did solely act, in the capacity of substitute trustee under the deed of trust for the Loan. As such, Defendants are not necessary parties to this action and reasonably believe they have been named as parties in this action solely in their capacity as substitute trustee under a deed of trust.

Dkt. No. 5-1 at p. 2.

More than 30 days have passed since the filing of the verified denial, and Plaintiff has filed no response. "The Texas Property Code does not give courts the discretion to permit a late filing—dismissal is mandated." *Roberson v. Bank of New York Mellon*, 2018 WL 2454158, at *2 (S.D. Tex. May 7, 2018), *report and recommendation adopted*, 2018 WL 2446593 (S.D. Tex. May 30, 2018). Accordingly, under § 51.007(c), Defendants MCLC and Trustee Corps are entitled to be dismissed from this lawsuit without prejudice. *See Roberson*, 2018 WL 2454158, at *2 (dismissing defendant under § 51.007(c) based on plaintiff's failure to timely file a verified response to the answer containing the verified denial); *Claudio D. v. Countrywide KB Home Loans*, 2015 WL

7

5164812, at *1 (N.D. Tex. Sept. 1, 2015) (same); *Vela v. U.S. Bank Nat. Ass'n*, 2014 WL 1219049, at *4 (W.D. Tex. Mar. 24, 2014) (same).

**B. Defendants Countrywide and BoNY's Motion to Dismiss**

**1. Failure to State a Claim**

As the District Court found with regard to Plaintiff's proposed amended complaint in Lawsuit I, Plaintiff's Complaint in the instant suit fails to identify any causes of action against the Defendants. Instead, Plaintiff's Complaint lists 38 "Statements of Fact" focusing on the transfer and ownership of the Note, and 31 repetitive and often nonsensical "Questions of Law," including:

> 40. It is Plaintiffs' understanding that every Court has two times . . . a time of peace and a time of war.
>
> 41. Plaintiffs respectfully ask that the Court rule on the record the answer to the following question, "what is the time of this Court and where are the rules of this Court made public, thus permitting inspection by the Plaintiffs?"
>
> 42. Demand is respectfully made that this Court rule on the question, "Is this a court of strictly judicial character?"

Dkt. No. 1-2 at p. 11. Numerous of Plaintiff's "Questions of Law" also concern the transfer and ownership of the Note and Deed of Trust. While not entirely clear, Plaintiff appears to be rehashing her previous allegations that the Note and Deed of Trust were not properly transferred to the Defendants. Plaintiff argues that the Defendants lack the authority to foreclose on the Property because they are not in possession of the original Note. *Id.*

As noted, Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Even under the liberal pleading standards afforded to *pro se* plaintiffs, the Court is unable to infer a cause of action from the facts alleged in the Complaint. Thus, Plaintiff's Complaint fails to comply with Rule 8(a)(2).

8

Even if Plaintiff did allege a cause of action based on what is commonly called the "show-me-the-note theory," her claim fails as a matter of law. The Fifth Circuit has unequivocally rejected the "show-me-the-note" theory, which posits that to foreclose, a party must produce the original note bearing a "wet ink signature." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-56 (5th Cir. 2013) (holding that neither the "show-me-the-note" theory nor the related "split-the-note" theory applies under Texas law); *Robinson v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 4139399, at *4 n. 4 (N.D. Tex. Aug. 30, 2019) ("[E]ven if there is a genuine dispute as to whether [the mortgagee or mortgage servicer] examined the original, wet-ink loan documents, the dispute is immaterial because it does not affect [the] authority to foreclose."). Accordingly, Plaintiff has failed "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

### 2. Res Judicata

The Court also finds that Plaintiff's lawsuit against Countrywide and BoNY is barred by the doctrine of res judicata. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Here, all four elements of the test are satisfied. First, Countrywide and BoNY were named as defendants in both lawsuits. Second, a court of competent jurisdiction, the District Court, rendered a judgment in Lawsuit I. Third, the District Court entered a binding Final Judgment against Plaintiff on the merits, and the Fifth Circuit affirmed the Judgment, making it final and preclusive.

In order for the fourth element of res judicata to be satisfied, the two actions must be based on the same "nucleus of operative facts." *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir.

2007). The causes of action asserted in this and the previous lawsuit arise out of the same nucleus of operative facts in that they all involve Plaintiff's default on the Loan and the Defendants' ability to foreclose on the Property. "[I]t is black-letter law that *res judicata*, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983)); *see also In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("The rule is that res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated."). Accordingly, the fourth and final res judicata requirement is met, and Plaintiff has failed to present any special circumstances that would render res judicata unfair in this case. *See Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 458 n. 4 (5th Cir. 2003) (noting that "there must be no special circumstances that would render preclusion inappropriate or unfair"). Accordingly, in addition to failing to state a plausible claim for relief, Plaintiff's lawsuit against Defendants Countrywide and BoNY is barred by res judicata.

Based on the foregoing, Defendants' Motion to Dismiss should be granted.

## C. Plaintiff's Motion to Remand

Plaintiff argues that this case should be remanded to state court because Defendants improperly removed it based on diversity jurisdiction. Plaintiff argues that because both Plaintiff and Defendant Bastian are Texas residents, this Court does not have diversity jurisdiction. In response, Defendants argue that Bastian was improperly joined in this case to defeat diversity jurisdiction because Plaintiff cannot demonstrate a reasonable basis of recovery against Bastian.

The federal courts may exercise diversity jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). An out-of-state defendant generally may remove a case filed in state court to a federal district court if the

parties are diverse, the amount in controversy requirement is met, and none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(a)-(b). As the Fifth Circuit Court of Appeals has explained:

> Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist. However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.
> . . . .
> . . . [A] non-diverse party is improperly joined if the plaintiff is unable to establish a cause of action against the non-diverse party in state court. Thus, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. . . .
> In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (cleaned up).

It has long been established that removal jurisdiction is determined on the basis of the complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (recognizing that removal jurisdiction is determined on the basis of the complaint at the time of removal); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569-70 (2004) (recognizing the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991). Thus, the Court must examine the Plaintiff's Complaint to determine whether there is any possibility of recovery against Bastian. *See Flagg*, 819 F.3d at 137.

Plaintiff's Complaint states that Bastian is a Texas attorney and is "the original trustee identified in the Deed of Trust." Dkt. No. 1-2 at p. 9. However, Plaintiff's Complaint fails to allege any cause of action against Bastian; nor does Plaintiff allege that Bastian committed any act of wrongdoing in this case. District courts in this district routinely disregard the citizenship of trustees in foreclosure cases when the underlying complaint alleges no wrongdoing by the trustees. *See Guerra v. Wells Fargo Bank*, 2015 WL 9451083, at *3 (W.D. Tex. Dec. 21, 2015) (finding that plaintiff lacked any possibility of prevailing on her claim against the trustees, and holding that they had been improperly joined); *Klein v. Wells Fargo Bank, N.A.*, 2014 WL 1342869, at *3 (W.D. Tex. Apr. 3, 2014) (ignoring trustee's citizenship and finding the trustee was improperly joined where petition contained no allegations against trustee individually); *Eisenberg v. Deutsche Bank Trust Co. Americas*, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011) (holding that trustee did not defeat diversity jurisdiction where trustee was named solely to prevent foreclosure, no foreclosure sale had occurred, and there was no allegation of any wrongdoing by trustee). Because Plaintiff's Complaint fails to state a claim for relief against Bastian, the Court finds that Bastian was improperly joined as a Defendant in this case.

Even if the Complaint could be construed as stating a claim against Bastian for breach of his fiduciary duties (as Plaintiff alleges in her Motion to Remand),[3] there is no possibility that Plaintiff could recover against him on that basis. Under Texas law, a trustee owes "neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citing *FDIC v. Myers*, 955 F.2d 348, 350 (5th Cir. 1992)); *see also Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 53 (5th Cir. 2008) ("As the district

---

[3] As noted above, a determination of improper joinder must be based on the allegations alleged in the complaint at the time of removal. *See Cavallini*, 44 F.3d at 264-65. Plaintiff's allegations and actions after removal are not relevant.

court correctly noted, under Texas law 'the trustee . . . does not owe a fiduciary duty to the mortgagor.'") (quoting *Stephenson v. LeBoeuf*, 16 S.W.3d 829, 838 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R. v. Seeberger*, 2015 WL 9200878, at *21 (W.D. Tex. Dec. 16, 2015) ("The relationship between a trustee and a mortgagor is not a fiduciary one either.").

Section 51.0074 of the Texas Property Code specifically provides that a trustee may not be "held to the obligations of a fiduciary of the mortgagor or mortgagee." Tex. Prop. Code § 51.0074(b)(2). Moreover, the Texas Property Code insulates trustees from liability for "any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code § 51.007(f). Accordingly, any potential breach of fiduciary duty claim against Bastian fails to state a claim for relief under Rule 12(b)(6). *See Seeberger*, 2015 WL 9200878, at *21 (dismissing breach of fiduciary duty claims against trustee on deed of trust).

Based on the foregoing, the Court concludes that Plaintiff lacks any possibility of prevailing on her claim against Bastian and finds that he has been improperly joined. Accordingly, Plaintiff's Motion to Remand should be denied and Bastian should be dismissed from this case. *See Flagg*, 819 F.3d at 136 (noting that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant").

## IV.     RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court:

(1) **GRANT** Defendants Countrywide and BoNY's Motion to Dismiss (Dkt. No. 4);

(2) **GRANT** Defendants MCLC and Trustee Corps' Motion to Dismiss without Prejudice pursuant to Texas Property Code § 51.007 (Dkt. No. 10);

(3) **DENY** Plaintiff's Motion to Remand (Dkt. No. 7);

(4) **DISMISS** G. Tommy Bastian as an improper party;

(5) **DISMISS** Plaintiff's lawsuit in its entirety; and

(6) **WARN** Plaintiff that continuing to file duplicative lawsuits in this Court to prevent the foreclosure of her Property will result in the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this Court.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 30, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE